IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT L. DELK, )
)
    Plaintiff, )
) No. _____
v. )
) Jury Demand
)
SUPERIOR OFFICE SERVICES, INC., )
)
    Defendant. )

## COMPLAINT

Plaintiff Robert L. Delk files this Complaint for damages relating to and resulting from discrimination in connection with his employment with Superior Office Services, Inc. ("SOS") because of his disability and/or perceived disability and in retaliation for his asserting rights and benefits under Tennessee's worker's compensation laws. Plaintiff asserts a claim for disability discrimination in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*, ("ADA") and the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 ("TDA") and a claim for retaliatory discharge in violation of Tennessee common law. For his Complaint, plaintiff states as follows:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff is a resident of Murfreesboro, Tennessee.

2. Defendant SOS is a Tennessee corporation having its principal place of business in Antioch, Tennessee. Defendant SOS does business in Davidson County Tennessee and employed plaintiff in Davidson County Tennessee. Defendant can

be served with process through its registered agent, Tommy C. Estes, Esq., Manier & Herod, 150 Fourth Avenue North, Suite 2200, Nashville, Tennessee 37219-2494.

## STATEMENT OF JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 since plaintiff asserts claims arising under the laws of the United States, specifically the ADA. The Court has and should exercise supplemental jurisdiction over plaintiff's state law claims.

4. Venue is proper in this Court because the acts giving rise to this complaint occurred in an area embraced within the Middle District of Tennessee.

## FACTUAL AVERMENTS

5. On March 12, 2011, plaintiff became employed with defendant SOS as an installer.

6. Plaintiff was a good employee and performed his job duties as installer in an acceptable manner.

7. On August 1, 2012, plaintiff suffered a serious injury to his back while performing his work for defendant SOS.

8. In December 2012, plaintiff underwent back surgery as a result of his injury incurred while doing work for defendant SOS.

9. After surgery and rehabilitation, plaintiff was released to return to work without restrictions but with a back brace on a trial basis beginning April 1, 2013.

10. On March 25, 2013, plaintiff met with Mark Dossey, a co-owner of defendant SOS, about his return to work on April 1, 2013. Mr. Dossey indicated that he was surprised plaintiff was returning to work with defendant SOS and that they thought

he would look for a lighter and less physically-demanding job rather than returning to SOS as an installer.

11. At the conclusion of the meeting on March 25, 2013, Mr. Dossey told plaintiff that he should return to work on April 1, 2013 and be "ready to work."

12. Plaintiff returned to work at SOS on April 1, 2013 ready to work.

13. Shortly after plaintiff clocked in to begin work, however, Mr. Dossey approached plaintiff and told him that defendant SOS did not want to risk him injuring his back again and was terminating his employment.

14. Mr. Dossey gave plaintiff a separation notice that indicated it was terminating his employment on April 1, 2013 for an alleged incident of "unruly conduct" that defendant SOS claimed happened "in July of 2012," some nine months prior.

15. Defendant SOS's stated reason for its termination decision is a pretext for unlawful discrimination.

16. As a direct result of defendant's unlawful actions, plaintiff has suffered damage.

17. Plaintiff filed a timely charge of discrimination (alleging disability discrimination) with the Equal Employment Opportunity Commission ("EEOC") and has received the attached Notice of Right to Sue ("Notice") from the EEOC.

**Claim For Disability Discrimination In Violation of Federal and Tennessee Law**

18. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 17 herein.

19. At times material to this Complaint, plaintiff suffered from a physical impairment that substantially limited one or more of his major life activities.

20. Defendant SOS also perceived and regarded, and at all times material to this Complaint perceived and regarded, plaintiff as having a physical impairment that substantially limited one or more of his major life activities.

21. Plaintiff was and is able to perform the essential functions of his job with defendant SOS with reasonable accommodations.

22. Defendant SOS terminated plaintiff's employment because of his disability and/or perceived disability in violation of the ADA and TDA.

23. As a result of its actions, defendant SOS is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

24. As a result of its actions, defendant SOS is liable for plaintiff's attorney's fees.

25. As a result of its actions, defendant SOS is obligated to make plaintiff whole for all lost earnings and benefits.

**Claim for Retaliatory Discharge in Violation of Tennessee Common Law**

26. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 25 herein.

27. Plaintiff was employed by defendant at the time he suffered a work injury in the course and scope of his employment.

28. Plaintiff asserted rights under Tennessee worker's compensation laws and made a claim against defendant for his work injury.

29. Defendant terminated plaintiff's employment in retaliation for his asserting rights under Tennessee's worker's compensation laws.

30. Plaintiff's claim for worker's compensation benefits was a substantial factor in defendant's motivation to terminate plaintiff's employment

31. As a direct result of defendant's actions, plaintiff has suffered damages.

32. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred.

33. As a result of its actions, defendant is liable for punitive damages.

34. As a result of its actions, defendant is obligated to reinstate plaintiff and to make him whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. An award of compensatory and punitive damages against defendant in an amount to be determined by the jury;

2. An award of attorneys' fees;

3. An order of reinstatement;

4. A jury for the trial of this action; and

5. Such other, further and general relief to which he may be entitled.

_____
Stephen W. Grace, TN Bar No. 14867
Delain L. Deatherage, TN Bar No. 22473
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorneys for Plaintiff

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Robert L. Delk<br>2055 West Jefferson Pike<br>Murfreesboro, TN 37129 | **From:** Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2013-01035 | Cynthia D. Lamar-Johnson, Investigator | (615) 736-2104 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*
Sarah L. Smith,
Area Office Director

JUL 24 2013
*(Date Mailed)*

Enclosures(s)

cc:   Chelsea Duke     Stephen W. Grace
     Office Manager     LAW OFFICE OF STEPHEN W. GRACE
     SUPERIOR OFFICE SERVICES, INC.     1019 16th Avenue South
     12729 Old Hickory Boulevard     Nashville, TN 37212
     Antioch, TN 37013