**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ROBERT L. DELK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CASE NO. 3:13-0758** |
| **vs.** | ) | **JUDGE CAMPBELL/KNOWLES** |
| | ) | |
| | ) | |
| **SUPERIOR OFFICE SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

The Court held a Case Management Conference with counsel for the parties on April 22, 2014.

On April 8, 2014, Judge Campbell entered an Order (Docket No. 27) denying Defendant's Motion for Summary Judgment (Docket No. 17) without prejudice to it being refiled once discovery "in this matter" is complete.

Defendant's Motion for Summary Judgment was based upon an argument that Defendant is not an "employer" under the Americans with Disabilities Act, because it did not have the minimum number of employees required by the Act at relevant times. Docket No. 17. Plaintiff's Response to the Summary Judgment Motion was based on the proposition that Defendant had only recently raised that issue and that Plaintiff had not had the opportunity to conduct discovery on the ADA coverage issue. Docket No. 24. Plaintiff argued in part, "The Court should deny defendant's motion pursuant to Fed. R. Civ. P. 56(d) as [*sic*] and permit plaintiff an opportunity to conduct discovery in this case." *Id.*

Following the entry of Judge Campbell's Order, the undersigned set a Case Management Conference for the purpose of amending the Initial Case Management Order. Docket No. 28. That Order directed the parties to confer on a Proposed Case Management Order to be submitted on or before April 18, 2014, and it further provided, "If the parties can agree on deadlines, counsel shall promptly contact the Court and the Case Management Conference will be CANCELLED." *Id.* (Underlining and caps in original).

The parties were unable to agree on a Case Management Order. Plaintiff took the position that Judge Campbell's Order granted "wide open" discovery on all issues in the lawsuit. Defendant took the position that Judge Campbell's Order restricted additional discovery to the ADA coverage issue, *i.e.* the number of employees Defendant had as discussed above.

The Court agrees with Defendant that Judge Campbell's Order should be interpreted to mean that the undersigned should set a schedule for the "additional discovery" with regard to the ADA coverage issue. Therefore, the Court sets the following schedule for discovery which is restricted initially to the ADA coverage issue.

Written discovery shall be served on or before May 22, 2014, and Responses thereto shall be served on or before June 22, 2014. The deadline for all discovery on this issue is August 22, 2014.

If Defendant wishes to refile its Summary Judgment Motion, it shall do so on or before September 7, 2014.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

2